451

Argued and submitted July 10, 1987, reversed in part and remanded; otherwise affirmed October 19, 1988

FIRST INTERSTATE BANK OF OREGON, N.A.,
fka First National Bank of Oregon,
*Plaintiff,*

*v.*

BOUSQUET et al,
*Defendants,*

UNITED STATES NATIONAL BANK OF OREGON,
*Third-party plaintiff,*

*v.*

ERICKSON et al,
*Third-party defendants,*

KCA REALTORS,
*Defendants,*

*v.*

BOUSQUET et al,
*Cross-defendants,*

BOUSQUET et al,
*Appellants,*

*v.*

KCA REALTORS et al,
*Respondents.*

(31590; CA A40894)

762 P2d 1046

Donald O. Costello, Sisters, argued the cause for appellants. With him on the briefs were Ann Wheeler and Costello & Goodwin, Sisters.

William M. Holmes, Bend, argued the cause for respondents. With him on the brief was Gray, Fancher, Holmes, Hurley & Bischof, Bend.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Lawrence E. Bousquet, Jr. (Bousquet), and Aubrey A. Fitzgerald, trustee in bankruptcy for Bousquet, (plaintiffs), appeal a judgment for defendants KCA Realtors (KCA), Caine and Kerr.[1] Plaintiffs assign as error that the court granted defendants' motion to dismiss their "second amended complaint"[2] that they filed on December 30, 1985, for breach of contract, breach of fiduciary duty, negligence and misrepresentation. We affirm in part and reverse in part.

Plaintiffs demonstrate no error in the rulings on the claims for breach of contract, breach of fiduciary duty or negligence, and no discussion of the assignments concerning those issues is warranted, except as noted below.

■ Plaintiffs argue, and we agree, that the court erred when it dismissed as time-barred their claim for misrepresentation against KCA. Bousquet pleaded on May 27, 1983, that he discovered the misrepresentation in "May, 1981." On the face of the pleading, the discovery in "May, 1981," *could* have occurred *after* May 27, 1981, and, therefore, within two years before May 27, 1983. Moreover, Bousquet pleads sufficient facts to constitute a claim against KCA for misrepresentation.

■ Plaintiffs argue that the two-year limitation period does not bar their December 30, 1985, claims against KCA for negligence and breach of fiduciary duty, because they relate back to KCA's cross-claim for foreclosure filed on November 2, 1982. In *Lewis v. Merrill,* 228 Or 541, 365 P2d 1052 (1961), the plaintiff sued to recover damages for assault and battery. The defendant counterclaimed for damages based on the same incident and charged that, in fact, the tort was committed against him. The court held that the defendant's counterclaim was not barred, because it arose

---

[1] First Interstate Bank of Oregon brought the original action to foreclose a mortgage against numerous parties. Bousquet and his wife, Judy M. Bousquet, were named as defendants in that action, and, subsequently, as cross-defendants by KCA. Judy Bousquet is not appealing here. On April 4, 1983, the court entered a stipulated judgment foreclosing the mortgages of First Interstate Bank and third-party plaintiff United States National Bank of Oregon. Neither Bank is involved in this appeal, which concerns a dispute between KCA, Caine and Kerr, on the one hand, and Bousquet and Fitzgerald, his trustee in bankruptcy, on the other.

[2] The "second amended complaint" was actually a "second amended counter cross-claim" against defendants.

"out of the transaction alleged in the complaint and [was] in existence at the time that the complaint [was] filed and [was] not then barred by a statute of limitations." 228 Or at 549.

Even if we assume that plaintiffs' claims for negligence and breach of fiduciary duty arise out of the same transaction as KCA's foreclosure of its trust deed, plaintiffs' claims are nonetheless time-barred. In *Lewis,* the court held that the statute was suspended until the defendant filed his counterclaim. Here, Bousquet filed a counterclaim on May 27, 1983. Even if KCA's November 2, 1982, cross-claim operated to suspend the Statute of Limitations, Bousquet's May 27, 1983, pleading terminated the suspension and did not include a claim for negligence or breach of fiduciary duty. By the time that plaintiffs filed their claims for negligence and breach of fiduciary duty on December 30, 1985, the statute had run.

Plaintiffs argue that the claim for breach of fiduciary duty against KCA should relate back to the pleading of May 27, 1983. They contend that the court erred, because Bousquet had pleaded breach of fiduciary duty as an affirmative defense in response to KCA's foreclosure claim and that "when a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." ORCP 19B. Although Bousquet had pleaded breach of fiduciary duty as an affirmative defense, he did not ask the court to treat that defense as a counterclaim, and it did not do so.

Plaintiffs also assign as error that the court dismissed their claims against Caine and Kerr as individuals. They argue that they should be allowed to "pierce the corporate veil" to hold Caine and Kerr personally liable for whatever KCA is liable for. KCA is not liable on the contract claim or the claims for negligence or breach of fiduciary duty. Accordingly, neither Caine nor Kerr is liable on those claims.

Plaintiffs argue, however, that, because their misrepresentation claim is timely against KCA, it is timely against Caine and Kerr. We disagree. Caine and Kerr raised, and did not waive, the Statute of Limitations defense in their motion to dismiss plaintiffs' second amended complaint. *See*

ORCP 21A.[3] Plaintiffs' argument for "piercing the corporate veil" has nothing to do with the timeliness of plaintiffs' misrepresentation claim. Moreover, plaintiffs do not assert that any of their claims against Caine and Kerr related back to the May 27, 1983, pleading under ORCP 23C.[4] Had plaintiffs made such an assertion, it would be without merit because, among other things, they do not assert that they were ever mistaken as to the part that Caine and Kerr played in the events pleaded in the May 27, 1983, pleading. *See Evans v. Salem Hospital*, 83 Or App 23, 28, 730 P2d 562 (1986), *rev den* 303 Or 331 (1987). Accordingly, the court did not err when it dismissed all of plaintiffs' claims against Caine and Kerr.

Reversed as to dismissal of plaintiffs' misrepresentation claim against KCA and remanded; otherwise affirmed.

---

[3] ORCP 21A provides:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss: * * * (9) that the pleading shows that the action has not been commenced within the time limited by statute. A motion to dismiss making these defenses shall be made before pleading if a further pleading is permitted. The grounds upon which any of the enumerated defenses are based shall be stated specifically and with particularity in the responsive pleading or motion."

[4] ORCP 23C provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment."